**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CURTIS SMITH,
<u>Plaintiff-Appellant,</u>

v.

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
<u>Defendant-Appellee.</u>

No. 98-2255

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
Glen M. Williams, Senior District Judge.
(CA-97-6-B)

Submitted: December 22, 1998

Decided: February 8, 1999

Before WIDENER, HAMILTON, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Curtis Smith, Appellant Pro Se. Shawn C. Carver, SOCIAL SECUR-
ITY ADMINISTRATION, Philadelphia, Pennsylvania; Julie C. Dud-
ley, Assistant United States Attorney, Roanoke, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This case arises from a denial of Social Security benefits. On October 20, 1992, Curtis Smith, a forty-three year old male, filed an application for disability benefits alleging he was disabled due to irritability, hearing problems, lung congestion, shortness of breath, poor stamina, arthritis of the spine and left knee, high blood pressure, and ulcers. Smith has a high school education and past relevant work experience as a punch press operator and seasonal laborer. Additional evidence established that he had a borderline IQ of 75.

The application was denied and after a hearing on April 11, 1995, the Administrative Law Judge ("ALJ") found that Smith: (1) had not engaged in substantial gainful activity between April 1, 1978, the time of his alleged onset of disability, and March 31, 1979, when his insured status expired; (2) did not have an impairment or combination of impairments which met or equaled the criteria of any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, Reg. 4 (1998); (3) was prevented from performing his past relevant work; and (4) had a severe impairment, but retained the residual functional capacity to perform a full range of light work. Further, a vocational expert testified that there was work in the national economy that Smith could perform. Thus, the ALJ found that Smith was not disabled.

The Appeals Council declined Smith's request to review the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner. See 20 C.F.R. § 404.981 (1998). Smith then filed a civil action seeking review of denial of benefits. After the parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636, the magistrate judge determined that the Commissioner's decision was not supported by substantial evidence. The Government objected to the magistrate judge's finding. After a de novo review, the district court rejected the magistrate judge's recommendation and upheld the Commissioner's decision denying benefits. This appeal followed.

2

This court must determine whether the Commissioner's findings are supported by substantial evidence, see Richardson v. Perales, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is that evidence which "`a reasonable mind might accept as adequate to support a conclusion,'" Perales, 402 U.S. at 401 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The ALJ bears the ultimate responsibility for weighing the evidence and resolving its conflicts. See Hays, 907 F.2d at 1456. Smith attributes the following errors to the Commissioner's decision: (1) there was not substantial evidence to support the ALJ's finding that his knee impairment and smoke allergy did not meet or equal any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, Reg. 4 (1998); (2) the ALJ erroneously found that he worked as a tobacco farmer when, in fact, he worked for R.J. Reynolds, a tobacco company; and (3) the ALJ failed to consider that he attended welding school and mine repair school. Based on these alleged errors, Smith asserts that the Commissioner's decision was not supported by substantial evidence.

We have reviewed the record, briefs, and pertinent case law in this matter. Our review persuades us that the district court correctly found that the Commissioner's decision denying benefits is based on substantial evidence. Accordingly, we affirm on the reasoning of the district court. See Smith v. Apfel, No. CA-97-6-B (W.D. Va. July 8, 1998).* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

*Although the district court's judgment or order is marked as "filed" on July 7, 1998, the district court's records show that it was entered on the docket sheet on July 8, 1998. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).